Complainant brings this motion to strike out various parts of the identical answers of defendants. The bill sets up six causes of action, all based on a similar set of facts.
The general grounds on which relief is sought may be summarized as follows: Complainant is the widow and administratrix of the estate of Adam Laytham, who died in 1926. *Page 275 
The defendants are the executors of the estate of William P. Laytham, who died in 1944, and John T. Laytham. These three were brothers, and the sons of Martha Laytham, who died in 1928. By her will executed in 1927 her residuary estate was left to the two sons who survived her, namely William P. and John T. Laytham, and was distributed between them. Prior to 1915 the mother and the three sons owned among them a corporation known as Eagle Iron and Brass Foundry. In 1915, according to the allegations of the bill, Adam withdrew from active participation in the business, and all its assets were turned over to the other brothers. This was, it is alleged, under an arrangement by which Adam was to receive one-third of the profits of the business until his mother's death, and on her death was to receive $30,000 in his mother's will. The will contained no such provision, nor was anything paid to the administratrix of Adam's estate between his death in 1926 and that of his mother in 1928. Complainant seeks to enforce this contract, and to collect from the residuary legatees the amount claimed to have been due from the mother.
The various defenses set up to the six causes of action, which are sought to be stricken, can likewise be summarized as being, in general, about as follows. There was no privity of contract between Adam and his brothers. The action was cognizable at law, and the statute of limitations has run. The alleged agreement was personal to Adam, and its benefits did not survive him. There was no consideration for the agreement alleged in the bill. Complainant is guilty of laches. The agreement is void under the statute of frauds. Adam died a year before his mother. If he was a stockholder in the Eagle Company, he had disposed of his stock before his death. Complainant never filed a claim against the estate of Martha Laytham and her claim, if any existed, was barred by a decree barring creditors.
Complainant to a certain extent anticipates the defense of laches, by alleging that she did not learn of her rights until very recently.
The circumstances in this case are such as should entitle defendants to the utmost latitude in pleading every possible *Page 276 
defense. All the people involved, except John T. Laytham, are dead. The original transaction took place in 1915, the first breach took place in 1926, on the death of Adam, by failure to pay his estate a share of profits, while the main breach alleged occurred in 1928, on the death of Martha without any legacy to Adam. Just what the agreement was should be brought out without any limitations restricting the defendants. Without the full facts before the court, all doubtful questions as to the validity of defenses should be resolved in favor of defendants on a preliminary motion to strike them out. With all the facts, this court can make a decree in accordance with the equities.
The motion to strike will be denied, pending a determination on final hearing.